Gkeen, J.
delivered the opinion of the court.
By the act of 1833, ch. 80, it is provided that, in addition to the property heretofore exempt from execution by the several acts of the general assemby of the State, there shall also be exempt in like manner, in the hands of a person engaged in agriculture, a plough, áre. and one farm horse, mule or yoke of oxen. The first act upon this subject was passed in 1820, ch. 11, (N. and C. 533,) which, after specifying a *392 number of articles to be set apart by each individual against -whom an execution might issue, provides that these articles shall be exempt from execution; and that any levying officer who might presume to act in contravention of the act, or attempt to evade the same, shall be deemed guilt;/ of a misdemeanor in office and punished accordingly.
The act of 1827, ch. 20, next came and authorized the setting apart the additional articles of ten barrels of corn and three hundred pounds of bacon or pork, under the regulations and restrictions prescribed by the first section of 1820. Then comes the act of 1833, now under consideration.
In construing these acts of assembly we are to give them that sense they would have if they were but different parts of one act. They are upon the same subject, are based upon the same principles, and each of the subsequent acts refer to the preceding one. Construe them all as but one act, and we cannot doubt but that the property which was exempted from execution by the acts of 1827 and 1S33 is also protected by the same penalties which were inflicted by the act of 1820. The subsequent acts do but introduce into the act of 1820 additional articles of property to be exempt from execution; and to these articles the rights and duties of the parties attach, as they are fixed by that act. We think, therefore, that a levying officer who may presume to act in contravention of the act of 1833, or attempt to evade the same, shall be deemed guilty of a misdemeanor in office in like manner as by the act of 1820 he is declared to be guilty.
But it is insisted that this judgment ought'to be arrested because the indictment does not allege that the horse, for levying on which the defendant was prosecuted, was selected and set apart by the defendant in the execution, as he is permitted to do by the act of 1820.
The indictment alleges that Boyd, the defendant in the execution, is the head of a family, engaged in agriculture, and owning or possessing no other farm horse, mule or yoke of oxen than the one levied on.
To “select and set apart” means the taking one or more articles from other articles of alike character. But here there was but one farm horse owned by the party, and as the law *393 exempts one from execution, it would be absurd to make the right of the defendant in the execution depend upon his declaration to the officer that he claimed the benefit of the law. Whether, if there had been several horses, the officer could have taken them all, unless the defendant in the execution had selected and set apart one for himself, is a question we need not now decide. In such case, the right to select and set apart one of several horses, would give the defendant in the execution the right to take the best and most valuable of these animals; but it does not follow that because he may select and set apart, that in case he is absent when the levy is made, or may fail to make such selection from any other cause, he forfeits his right to the benefit of these acts. How this may be it will be time enough to decide when the case may arise.
Note. This case was recognized and affirmed at the December term, 1839, at Nashville. ^Reporter.
But it is insisted that as the act was made for the benefit of the defendant in the- execution he had a right to waive such benefit, and that it does not appear but that he did so. It is true a party may waive a benefit; but it is not to be presumed that he would do so. If such were the fact, it would be matter of defence, and proof of the fact must come from the defendant. 1 Chitty, 232. The judgment must be reversed; and this court, proceeding to render such judgment as the circuit court should have given, order that the defendant be fined five dollars and pay the costs of prosecution.